1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   WILLIAM J. MANOWN, JR. and MARIA          CASE NO. 09 CV 1101 JM (JMA)
     R. CABRALES,
12                                             **ORDER GRANTING MOTION TO**
                                 Plaintiffs,   **DISMISS**
13          v.
                                               Doc. No. 4
14
     CAL-WESTERN RECONVEYANCE
15   CORP.; LASALLE BANK NATIONAL
     ASSOCIATION; FIRST FRANKLIN
16   FINANCIAL CORP.; and DOES 1 through
     50, inclusive,
17
                                 Defendants.
18

19          On April 17, 2009, Plaintiffs William J. Manown, Jr. and Maria R. Cabrales ("Plaintiffs") filed

20   a complaint in the Superior Court of the State of California, County of San Diego, raising claims

21   arising out of a mortgage loan transaction.  (Doc. No. 1, Exh. 1, "Compl.")  On March 9, 2009,

22   Defendants First Franklin Financial Corporation ("First Franklin") and Bank of America, N.A., as

23   successor by merger to LaSalle Bank, N.A., as trustee for Merrill Lynch First Franklin Mortgage Loan

24   Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 ("LaSalle," or collectively with First

25   Franklin, "Defendants") removed the action to federal court on the basis of federal question

26   jurisdiction, 28 U.S.C. § 1331.  (Doc. No. 1.)  Defendant Cal-Western Reconveyance Corporation

27   ("Cal-Western"), which has yet to be served in this action, joined in the notice of removal.  (Doc. No.

28   2.)  Pending before the court is Defendants' motion to dismiss the complaint for failure to state a claim

1  pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), or in the alternative, to strike Plaintiffs'

2  demands for punitive damages.  (Doc. No. 4, "Mot.")  Defendants' motion was accompanied by a

3  Request for Judicial Notice.  (Doc. No. 5, "RJN.")

4          To date, Plaintiffs have filed no opposition nor sought additional time to do so.  When an

5  opposing party does not file papers in the manner required by Civ.L.R. 7.1(d)(2), the court may deem

6  the failure to "constitute a consent to the granting of a motion or other request for ruling by the court."

7  Civ.L.R. 7.1(f)(3)(c).  Notwithstanding Plaintiffs' failure to respond, the court reviews the motion on

8  the merits to ensure dismissal is appropriate.  Pursuant to Civ.L.R. 7.1(d), these matters were taken

9  under submission by the court without oral argument on July 24, 2009.

10          For the reasons set forth below, the court **GRANTS** Defendants' motion to dismiss.

11  **I.  BACKGROUND**

12          Plaintiffs purchased their primary residence at 15335 Paseo Ajanta, San Diego, California (the

13  "Property") with a loan for $433,600.  (Compl. ¶¶ 1, 6.)  The loan was secured by a Deed of Trust on

14  the Property, which was recorded March 27, 2007.  (Compl. ¶ 6; RJN, Exh. 1, "DOT.")  Plaintiffs

15  obtained the loan through First Franklin, the original lender.  (Compl. ¶ 6.)  The DOT named New

16  Century Title Company as the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS")

17  as beneficiary.  (DOT.)  Plaintiffs allege there is no public record of any substitution of trustee or

18  assignment of the Note.  (Compl. ¶¶ 11-12.)  However, both an assignment of the DOT from First

19  Franklin to LaSalle and a substitution of trustee in favor of Cal-Western were recorded February 23,

20  2009.  (RJN, Exhs. 2, 3.)  Consistent with these documents, Plaintiffs allege "MERS is neither a

21  mortgage lender nor does it own or have any beneficial interest in any note or mortgage" and they

22  refer to LaSalle as "beneficiary."  (Compl. ¶¶ 3, 10.)  On January 15, 2009, at Cal-Western's direction

23  as trustee, a Notice of Default was recorded on the Property, indicating the loan was $20,211.56 in

24  arrears.  (Compl. ¶¶ 13-14.)  On April 21, 2009, a Notice of Trustee's Sale was recorded against the

25  Property.  (RJN, Exh. 4.)

26          Plaintiffs assert causes of action for intentional and negligent misrepresentation and breach of

27  fiduciary duty, unfair debt collection practices, predatory lending practices, and to quiet title in the

28  Property.  Plaintiffs seek an accounting and declaratory and injunctive relief (labeled as separate

1    causes of action), as well as rescission, statutory, actual, and punitive damages, attorneys' fees and

2    costs, and judgment quieting title in favor of Plaintiffs.

3    **II.  DISCUSSION**

4       **A.  Legal Standards**

5           A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings.  <u>De

6    La Cruz v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978).  In evaluating the motion, the court must construe

7    the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in

8    the complaint and any reasonable inferences drawn therefrom.  <u>See, e.g.</u>, <u>Broam v. Bogan</u>, 320 F.3d

9    1023, 1028 (9th Cir. 2003).  While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases,

10   the complaint's "factual allegations must be enough to raise a right to relief above the speculative

11   level...."  <u>U.S. v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981); <u>Bell Atlantic Corp. v. Twombly</u>,

12   550 US 544, 555 (2007).  The court should grant 12(b)(6) relief only if the complaint lacks either a

13   "cognizable legal theory" or facts sufficient to support a cognizable legal theory.  <u>Balistreri v. Pacifica</u>

14   <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

15          In testing the complaint's legal adequacy, the court may consider material properly submitted

16   as part of the complaint or subject to judicial notice.  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th

17   Cir. 2007).  Under the "incorporation by reference" doctrine, the court may refer to documents "whose

18   contents are alleged in a complaint and whose authenticity no party questions, but which are not

19   physically attached to the [plaintiff's] pleading."  <u>Janas v. McCracken (In re Silicon Graphics Inc. Sec.</u>

20   <u>Litig.)</u>, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted).  Consideration of matters

21   of public record "does not convert a Rule 12(b)(6) motion to one for summary judgment."  <u>Mack v.</u>

22   <u>South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986), <u>abrogated on other grounds by</u>

23   <u>Astoria Fed. Sav. and Loan Ass'n v. Solimino</u>, 501 U.S. 104, 111 (1991).  To this end, the court

24   considers the Deed of Trust, Substitution of Trustee, Assignment of Deed of Trust, and Notice of

25   Trustee's Sale, as sought by Defendants in their Request for Judicial Notice.  (RJN, Exhs. 1-4.)

26      **B.  Analysis**

27          *1.  Intentional Misrepresentation*

28          In their first claim, Plaintiffs assert Defendants "falsely represented that they had the right to

payment" under the mortgage note and "to foreclose the Trust Deed...and sell the Subject Property." (Compl. ¶ 25.)  According to Plaintiff, Defendants do not have such rights because they "are not and were not in possession of a note secured by the Subject Property."  (Compl. ¶ 26.)  Furthermore, Plaintiff alleges Defendants "falsely represented the payoff amount, if any, required to redeem the Subject Property from potential foreclosure."  (Compl. ¶ 28.)  Defendants argue the claim is subject to dismissal as it fails to meet the pleading requirements for fraud.

To state a claim for fraud, Plaintiffs must allege (1) a false representation of a material fact, (2) knowledge of the falsity, (3) intent to induce another into relying on the representation, (4) reliance on the representation, and (5) resulting damage.  Ach v. Finkelstein, 264 Cal.App.2d 667, 674 (1968). Further, Plaintiffs must plead a claim for fraud with the particularity required by Rule 9(b).  Rule 9(b) requires Plaintiffs plead with detail "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991).  The allegations of fraud must include the time, place, and specific content of the false representation.  See Miscellaneous Serv. Workers, Drivers & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981). Courts have also phrased the heightened pleading standard as requiring "the who, what, when, where, and how of the misconduct charged."  Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiffs' claim for fraud fails to identify any details of the alleged fraudulent scheme. Plaintiffs have not identified any particular statements or misrepresentations, much less linked them to specific defendants.  Consequently, the court grants Defendants' motion and dismisses the claim without prejudice.

### *2.  Negligent Misrepresentation and Breach of Fiduciary Duty*

Plaintiffs' second claim for negligent representation and third claim for breach of fiduciary duty are both based on allegations Defendants "represented to Plaintiffs that their incomes would be sufficient to replay the loan," "failed to verify Plaintiffs' ability to repay," and "originated the loans by lowering their own underwriting standards and failing to follow" them.  (Compl. ¶¶ 34-36.) Plaintiffs also assert Defendants "owed a fiduciary duty to Plaintiffs to act in utmost good faith and in the best interest of Plaintiffs," including a duty to Plaintiffs: "to verify their income...; ... to provide

1   a 30 year fixed loan rather than an adjustable rate mortgage; ... to verify Plaintiffs'

2   income/employment history and stability of earnings in the past[;] and ... to advise Plaintiffs to buy

3   a smaller house rather than a bigger one based on their affordability for a smaller loan." (Compl. ¶

4   42.)  Defendants argue Plaintiffs's claims are time-barred and fail to allege a duty owed them by

5   Defendants.

6       Plaintiffs' claim for breach of fiduciary duty is subsumed by their negligence claim and the

7   court therefore evaluates them together.  "The elements of a cause of action for negligence are (1) a

8   legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach

9   and (4) the plaintiff's injury."  <u>Mendoza v. City of Los Angeles</u>, 66 Cal.App.4th 1333, 1339 (1998)

10  (citation omitted).  "The existence of a legal duty to use reasonable care in a particular factual

11  situation is a question of law for the court to decide."  <u>Vasquez v. Residential Investments, Inc.</u>, 118

12  Cal.App.4th 269, 278 (2004) (citation omitted).

13      Generally, barring an assumption of duty or a special relationship, "financial institutions owe

14  no duty of care to a borrower when the institution's involvement in the loan transaction does not

15  exceed the scope of its conventional role as a mere lender of money."  <u>Nymark v. Heart Fed. Sav. &</u>

16  <u>Loan Ass'n</u>, 231 Cal.App.3d 1089, 1096 (1991); <u>see also</u>, <u>Spencer v. DHI Mortg. Co., Ltd.</u>, 2009 WL

17  1930161, at *2 (E.D.Cal., June 30, 2009). "Liability to a borrower for negligence arises only when

18  the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money

19  lender.'" <u>Wagner v. Benson</u>, 101 Cal.App.3d 27, 35 (1980) (internal citations omitted).  Plaintiffs'

20  factual allegations indicate First Franklin and successor LaSalle acted as lenders and Cal-Western as

21  trustee.  Plaintiffs have not alleged any duty imposed on Defendants by law, assumed by Defendants,

22  or created by any special relationship.

23      Plaintiffs' attempt to characterize this claim as one for breach of fiduciary duty necessarily

24  fails as a matter of law.  "The relationship between a lending institution and its borrower-client is not

25  fiduciary in nature." <u>Nymark</u>, 231 Cal.App.3d at 1093 fn. 1 (<u>citing</u> <u>Price v. Wells Fargo Bank</u>, 213

26  Cal.App.3d 465, 476-78 (1989)).  "A commercial lender is entitled to pursue its own economic

27  interests in a loan transaction." <u>Id.</u> (<u>citing</u> <u>Kruse v. Bank of America</u>, 202 Cal.App.3d 38, 67 (1988)).

28      Furthermore, the court agrees Plaintiffs' claim is time-barred by the applicable two-year statute

of limitations under California law.  Cal. Civ. Proc. § 335.1.  Plaintiffs' allegations all deal with the terms of the loan, which closed in March 2007, well over two years before they filed their complaint.

The court grants Defendants' motion and dismisses Plaintiffs' claims for negligence and breach of fiduciary duty with prejudice.

### 3.  Unfair Debt Collection Practices

In support of their fourth cause of action, Plaintiffs allege violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and California's Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.*  Plaintiffs offer Defendants acted as "debt collectors" within the meaning of each statute, and engaged in "wrongful collection methods" including mailing inaccurate and misleading collection letters and threatening legal action when they had no lawful right to do so.[1]  (Compl. ¶¶ 48-49.)  Furthermore, Plaintiffs allege Defendants "failed to inform Plaintiffs of their rights to request validation of the alleged debt."  (Compl. ¶ 50.)

Defendants argue Plaintiffs have not met federal pleading standards for this claim.  On a basic level, noted by Defendants, even if Plaintiffs had pled relevant facts, they fail to state a claim under either the FDCPA or the Rosenthal Act because a residential mortgage loan does not qualify as a "debt" under either statute.  Both the FDCPA and the Rosenthal Act define "debt" as an obligation arising out of a "transaction in which property, services or money is acquired on credit...primarily for personal, family, or household purposes."  Cal. Civ. Code § 1788.2(e)-(f); 15 U.S.C. § 1692a.  Under the federal statute, neither a borrower's home mortgage creditor or servicing company qualify as debt collectors.  15 U.S.C. § 1692a(6); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).  Furthermore, foreclosing on a deed of trust does not invoke the protections offered by the federal debt collection statute.  Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or. 2002).  Although the Rosenthal Act broadens the definition of "debt collector" relative to the federal provision, Cal. Civ. Code § 1788.2(c), the Act incorporates the majority of its substantive provisions from the FDCPA, creating similar substantive protections.  See, e.g. Cal. Civ. Code § 1788.17.

---

[1] Plaintiffs attempt to support several claims with the suggestion that Defendants' attempts to foreclose are unlawful because they do not hold the original note.  This court and others have repeatedly rejected this argument.  See, e.g., Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906 (S.D.Cal. Oct. 30, 2008); Harrington v. Home Capital Funding, Inc., 2009 WL 514254 (S.D.Cal. Mar. 2, 2009).

1   Therefore, even if Defendants were considered debt collectors under California law, Plaintiffs fail to

2   demonstrate how the Rosenthal Act provides him greater substantive protection against their home

3   mortgage lender.[2]

4       Defendants' motions to dismiss the FDCPA and Rosenthal Act claims are granted and these

5   claims are dismissed with prejudice.

6       *4.  Predatory Lending Practices*

7       Plaintiffs assert a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code

8   § 17200.  California's unfair competition statute "prohibits any unfair competition, which means 'any

9   unlawful, unfair or fraudulent business act or practice.'" In re Pomona Valley Med. Group, 476 F.3d

10  665, 674 (9th Cir. 2007) (citing Cal. Bus. & Prof. Code § 17200, et seq.).  "This tripartite test is

11  disjunctive and the plaintiff need only allege one of the three theories to properly plead a claim under

12  § 17200." Med. Instrument Dev. Labs. v. Alcon Labs., 2005 WL 1926673, at *5 (N.D. Cal. Aug. 10,

13  2005).  "Virtually any law–state, federal or local–can serve as a predicate for a § 17200 claim." State

14  Farm Fire & Casualty Co. v. Superior Court, 45 Cal.App.4th 1093, 1102-3 (1996).

15      Plaintiffs base this claim on alleged violations of the Truth in Lending Act ("TILA"), 15

16  U.S.C. § 1601 *et seq.*, including the Home Ownership and Equity Protection Act ("HOEPA"), 15

17  U.S.C. § 1602, and TILA's implementing regulation, Regulation Z, 12 C.F.R. § 226.  Plaintiffs also

18  cite the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, the FDCPA, and the

19  Rosenthal Act.  (Compl. ¶ 60.)  Plaintiffs contend Defendants "failed to provide the disclosures

20  regarding the right of rescission as required by 15 U.S.C. § 1639(a)(1)" and "extended credit to

21  Plaintiffs without regard to their ability to repay in violation of 15 U.S.C. § 1639(h)." (Compl. ¶ 58.)

22  Additionally, Plaintiffs offer Defendants failed to disclose finance charges and "improperly

23  calculat[ed] disclosed amounts."  (Compl. ¶ 60.)  Plaintiffs seek rescission, restitution, and

24  disgorgement of profits.  Unfortunately for Plaintiffs, all the statutory bases on which their § 17200

25  claim relies all fail.

26      Defendants argue Plaintiffs may not rely on TILA because such a claim would be barred by

27  ─────────────

28      [2] Although trustee Cal-Western is not a party to this motion, the court notes trustees are
    expressly exempted from Rosenthal Act liability for conducting trustee sales.  See Cal. Civ. Code §
    2924(b).

a one-year statute of limitations under 15 U.S.C. § 1640(e).  While damages claims are subject to this bar, Plaintiffs mention rescission, which is governed by a three-year limitations period.  15 U.S.C. § 1635(f).   However, under both TILA and HOEPA expressly exclude "residential mortgage transactions" from the right of rescission.  15 U.S.C. §§ 1635(e), 1639(a)(1); 12 C.F.R. §§ 226.2(a)(24), 226.23(f)(1), 226.32(a)(20.  A "residential mortgage transaction" is defined by 15 U.S.C. § 1602(w) to include "a mortgage, deed of trust, ... or equivalent consensual security interest...created...against the consumer's dwelling to finance the acquisition...of such dwelling."  Plaintiffs are not entitled to seek rescission for their purchase money mortgage.  Furthermore, Plaintiffs may not rescind the transaction without tendering the value of the property.  15 U.S.C. § 1635(b); Mangindin v. Washington Mut. Bank, 2009 WL 1766601, at *4 (N.D.Cal. June 18, 2009). Finally, Plaintiffs' citation to RESPA is precluded by the applicable one-year statute of limitations under 12 U.S.C. § 2614.  Reliance on the federal and state debt collection statutes is similarly misguided as discussed above.

Without any surviving basis for the § 17200 claim, Defendants' motion is granted.  Plaintiffs' § 17200 claim is dismissed without prejudice.[3]

### *5.  Quiet Title*

In their sixth cause of action, Plaintiffs seek to quiet title in the Property.  In order to adequately allege a cause of action to quiet title, a plaintiff's pleadings must include a description of "[t]he title of the plaintiff as to which a determination...is sought and the basis of the title..." and "[t]he adverse claims to the title of the plaintiff against which a determination is sought."  Cal. Code Civ. Proc. § 761.020.  A plaintiff is required to name the "specific adverse claims" that form the basis of the property dispute.  See Cal. Code Civ. Proc. § 761.020, cmt. at ¶ 3.

Here, Plaintiffs allege  "Defendants hold themselves out as entitled to fee simple ownership of the Subject Property by and through non-judicial foreclosure." (Compl. ¶ 69.)  Plaintiffs seek a judicial declaration that Defendants have no right or interest in the property.  However, all bases

---

[3] Defendants argue in a footnote that successor LaSalle's absence from the loan origination precludes its liability.  However, Plaintiffs' right to rescission flows as against any assignee.  15 U.S.C. § 1641(c)("Any consumer who has the right to rescind a transaction under section 1635...may rescind the transaction as against any assignee of the obligation.").

Plaintiffs advance for extinguishing Defendants' interest in the property or cancelling the loan instruments have been set aside by the court as discussed above.  Furthermore, as Defendants note, Plaintiffs have not tendered, nor offered to tender, the full amount of the obligation owed on the mortgage, a pre-requisite to challenging a foreclosure sale.  <u>U.S. Cold Storage v. Great W. Sav. & Loan Ass'n</u>, 165 Cal. App.3d 1214, 1222 (1984); <u>Mangindin</u>, 2009 WL 1766601, at *10.  Notably, a trustor cannot "quiet title without discharging his debt." <u>Aguilar v. Bocci</u>, 39 Cal. App. 3d 475, 477 (1974).

Defendants' motion to dismiss is granted, and Plaintiffs' cause of action to quiet title is dismissed without prejudice.

### *6.  Declaratory Relief*

In their seventh cause of action, Plaintiffs seek a judicial declaration deeming the loan agreements void, recognizing any non-judicial foreclosure by Defendants would be improper, and defining Plaintiffs' rights and duties with respect to the loan transaction.  Because Plaintiffs' have sought adequate remedies under their other causes of action, declaratory relief is redundant and unnecessary.  <u>Mangindin</u>, 2009 WL 1766601, at *5 ("A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action.").  Defendants' motion is granted and Plaintiffs' claim for declaratory relief is dismissed without prejudice.

### *7.  Injunctive Relief*

Plaintiffs' eighth cause of action for injunctive relief is dismissed as it is not an independent cause of action.  To the extent Plaintiffs request injunctive relief in her prayer for relief, the court denies the request because Plaintiffs have failed to show any chance of prevailing on the merits.

### *8.  Accounting*

To state a claim for accounting, Plaintiffs must allege (1) a fiduciary relationship or other extraordinary circumstances warrant the remedy and (2) a balance due from the defendant to the plaintiff which can only be ascertained by an accounting.  <u>See</u> 5 Witkin, Cal. Proc. 4th (1997) Pleadings, § 776, p. 233 (4th ed.).  As discussed above, Plaintiffs have failed to show a fiduciary relationship with Defendants.  Plaintiffs have likewise failed to allege the accounts are overly complex.  Defendants' motion to dismiss is granted.

### III.  MOTION TO STRIKE

Defendants also move to strike Plaintiffs' demands for punitive damages.  In light of Plaintiffs' failure to state any claim for relief, the motion to strike is **GRANTED**.

### IV.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Doc. No. 4) is **GRANTED** as to all claims against Defendants First Franklin and LaSalle.  The court grants Plaintiffs <u>20 days' leave</u> from the date of entry of this order to file a First Amended Complaint which cures all the deficiencies noted above.  Plaintiffs' First Amended Complaint must be complete in itself without reference to the superseded pleading.  Civil Local Rule 15.1.  The failure to state a claim in the amended complaint will likely result in the dismissal of the complaint with prejudice.

DATED:  August 4, 2009

Hon. Jeffrey T. Miller
United States District Judge